ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JUN 15 A 9: 46
CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| RODOLFO QUINONES-CORREA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-050 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, commenced the above-captioned petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Respondent has filed his response to the petition. (Doc. no. 7.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

I.  **BACKGROUND**

   A.  **Procedural Background**

Petitioner is serving a 70-month sentence for conspiracy to distribute five kilograms or more of cocaine. (Doc. no. 7, Ex. 1, ¶ 7 & Attach. 2.) He is scheduled for release on May 4, 2013. (Id. ¶ 7 & Attach. 1.) Petitioner filed this § 2241 petition contending that he was impermissibly deprived of twenty-seven (27) days of good conduct time ("GCT") after being found guilty by a disciplinary hearing officer ("DHO") of attempting to steal a package of

uncooked rice. (Doc. no. 1, pp. 3-6.) Prior to filing the instant petition, Petitioner filed grievances relating to the claims at issue here, and he appealed the denial of those grievances; Respondent concedes that Petitioner has exhausted his administrative remedies. (Doc. no. 7, p. 5 & Ex. 1, ¶ 23.)

Petitioner claims in his petition that the disciplinary procedures to which he was subjected violated due process. (Doc. no. 1, pp. 3-6.) In particular, Petitioner asserts that his "[r]ights to [a] staff representative and witnesses" were violated during his disciplinary proceedings. In his demand for relief, Petitioner requests restoration of the 27 days of GCT that he was deprived of as a result of the disciplinary proceedings. (Id. at 9.)

The Court directed service to be effected on Respondent and instructed Respondent to show cause why Petitioner's writ should not be granted. (Doc. no. 3.) Respondent contends that the instant § 2241 petition should be denied because Petitioner was afforded due process with respect to his disciplinary hearing. (See doc. no. 7.)

B.   **Disciplinary Charges and Proceedings**

On February 14, 2011, Petitioner worked a shift in MCF's Food Service Department, and an MCF staff member supervising Petitioner during that shift reported observing him drop a package on the floor between two trash cans in the dish room. The staff member stated that he retrieved the package and discovered that it contained uncooked rice. Petitioner's work detail did not require him to be in possession of uncooked rice. An incident report was prepared and provided to Petitioner on the same day charging him with attempting to steal uncooked rice, in violation of Code 219-A of the disciplinary regulations. (Doc. no. 7, Ex. 1, ¶¶ 9-11 & Attach. 4.)

2

An investigation of the incident report commenced immediately after it issued, and the investigator informed Petitioner of his right to remain silent. The investigator also informed Petitioner that his silence could be used to draw an adverse inference against him but that his silence alone would not be sufficient to support a finding that he committed the prohibited act charged. Petitioner indicated that he understood the rights explained to him, and, when asked if he admitted to the charge or wanted to make a statement, he stated, "Yes, I had it." (Id. ¶ 12 & Attach. 4.) Upon determining that there was sufficient evidence to support the attempted stealing charge, the investigator forwarded the incident report to the Unit Discipline Committee ("UDC") for a hearing. (Id. ¶ 13 & Attach. 4.)

The UDC held a hearing on February 16, 2011, during which Petitioner appeared and provided a statement in his defense. In particular, he testified that he had not stolen the uncooked rice package but rather had been seen by the MCF staff member at the moment he accidentally uncovered the package by moving one of the trash cans it had been stashed behind. Due to the nature of the charge against Petitioner, the UDC made no decision and referred the matter for a hearing by a DHO. (Id. ¶ 14 & Attach. 4.)

On February 16, 2011, the UDC also provided Petitioner with notice of his rights before the DHO, including his right to call witnesses, to present evidence, and to request assistance from a staff representative. Petitioner signed forms indicating that he had been informed of these rights and that he did not wish to have a staff representative or to call witnesses on his behalf. (Id. ¶ 15 & Attachs. 5, 6.)

The DHO held a hearing on the charge at issue on February 22, 2011. An MCF staff member was present to translate the proceedings as needed. Petitioner denied the charge

3

against him and made a statement in his own defense that was similar to his statement during the UDC hearing. Petitioner did not request a staff representative; nor did he request the presence of any witnesses to testify on his behalf. (Id. ¶¶ 16-17 & Attach. 7.)

In addition to the incident report and Petitioner's statement, the DHO considered a photograph of the uncooked rice package; the DHO also considered a statement by the MCF staff member who reported the incident in which he indicated that he saw Petitioner drop the package between the trash cans. Also, the DHO questioned Petitioner during the hearing. In response to the DHO's questions, Petitioner indicated, among other things, that he did not know where the rice package came from and that he had not received any other disciplinary reports. (Id. ¶ 18 & Attach. 7.)

On March 2, 2011, the DHO issued a written decision finding that Petitioner was guilty of attempting to steal the package of uncooked rice. In making this finding, the DHO noted that Petitioner initially told the investigating officer that he had the rice but later changed his story. The DHO also noted that Petitioner's statement that he had no other disciplinary reports was false, as he had received a separate disciplinary report on December 14, 2010. The DHO specifically found that Petitioner's conflicting statements and misrepresentation regarding his disciplinary history diminished his credibility. Therefore, the DHO gave greater weight to the statement by the MCF staff member that Petitioner had dropped the package of rice behind the trash cans, which contradicted Petitioner's statement that he had accidentally uncovered the package behind the trash can. Upon finding that Petitioner had committed the act as charged, the DHO sanctioned Petitioner with a loss of 27 days of GCT and 90 days of commissary privileges. (Id. ¶¶ 19-20 & Attach 7.)

The DHO's written decision was subsequently reviewed by a DHO Oversight Specialist in the Privatization Management Branch of the Federal Bureau of Prisons ("BOP"). The DHO Oversight Specialist determined the decision to be in compliance with all procedural requirements and that the sanctions imposed were in accordance with BOP regulations. (Id. ¶ 21 & Attach. 8.)

With these facts in mind, the Court turns to the merits the instant § 2241 petition.

## II. DISCUSSION

Petitioner's sole claim in his § 2241 petition is that his due process rights were violated during the course of the events described. In particular, he asserts that his right to a staff representative and his right to call witnesses were violated with respect to the DHO's adverse decision, which resulted in the loss of 27 days of GCT. (See doc. no. 1, p. 5.) On the other hand, Respondent contends that Petitioner received all the rights to which he was entitled and that the petition should therefore be denied. (See doc. no. 7, pp. 11-16.) Respondent has the better argument.

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. However, a prisoner facing a disciplinary hearing is still entitled to compliance with the following minimum due process protections: (1) written notice of the charges against him at least 24 hours before his hearing; (2) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in his defense. Id. at 563-67; see also Asad v.

5

Crosby, 158 F. App'x 166, 172-73 (11th Cir. 2005); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

In addition to these procedural due process requirements, the Supreme Court has explained that the degree of proof required at a prison disciplinary hearing to satisfy due process is significantly lower than that required in a criminal prosecution. In Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985), the Supreme Court concluded that a finding that "some evidence" supports the decision of a prison disciplinary board is enough to satisfy the minimum due process requirements for prisoners facing loss of GCT:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. [103,] 106 . . . [(1927)]. Ascertaining whether this standing is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Id. at 455-56. The Eleventh Circuit has further explained the limited judicial review that federal courts may undertake in reference to prison disciplinary actions:

> The federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by "some facts"--"whether any evidence at all" supports the action taken by prison officials.

Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994) (quoting Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981)).

Here, the Court concludes that the procedural due process requirements were met with respect to Petitioner's disciplinary hearing and that "some evidence" supports the

6

DHO's decision. Indeed, as noted above, on February 16, 2011, Petitioner was advised of his right to remain silent and was provided with a copy of the incident report notifying him of the charges against him. (Doc. no. 7, Ex. 1, ¶ 12 & Attach. 4.) Two days later, the UDC referred the matter to the DHO for a hearing, which was held on February 22, 2011. (Id. ¶¶ 14, 17 & Attachs. 4, 7.) Petitioner was also advised of the rights afforded to him at his disciplinary hearing, which included, among other things, his rights to have a staff representative and to call witnesses on his behalf. However, prior to the disciplinary hearing, Petitioner signed forms indicating that he had been informed of these rights and that he did not wish to have a staff representative or to call witnesses on his behalf. (Id. ¶ 15 & Attachs. 5, 6.) At the disciplinary hearing, Petitioner again declined to request a staff representative and did not request the presence of any witnesses to testify on his behalf. (Id. ¶¶ 16-17 & Attach. 7.)

In light of this uncontroverted evidence that Petitioner waived his right to a staff representative and to call witnesses at the disciplinary hearing, Petitioner's conclusory allegation that his "[r]ights a staff representative and witnesses" were violated is unavailing. Indeed, aside from offering no evidentiary support for this allegation, the instant § 2241 petition fails to provide an explanation as to how any violation occurred with respect to his right to representation or his right to call witnesses. (See doc. no. 1, p. 5.)

Moreover, following the disciplinary hearing, the DHO issued a detailed report explaining the evidence upon which she relied in reaching her decision. A copy of the DHO report was delivered to Petitioner on March 2, 2011, and Petitioner does not contest that he

received this report. (Id. ¶ 22 & Attach 7.) In fact, Petitioner attached a copy of the DHO report to his § 2241 petition. (See doc. no. 1, pp. 26-30.)

Finally, the Court finds that the decision of the DHO is supported by "some evidence." The MCF staff member who reported the incident provided a statement to the DHO that he observed Petitioner drop the rice package behind the trash cans and that Petitioner had no legitimate reason to be in possession of the rice. (Id. ¶ 18 & Attach 7.) Accordingly, the Court finds that Petitioner's claim that he was deprived of due process such that he is entitled to restoration of 27 days of GCT is without merit. Because that is the sole claim set forth in the instant § 2241 petition, the petition should be denied.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the instant § 2241 petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 15th day of June, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE